**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

W.G. YATES & SONS CONSTRUCTION COMPANY                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:15-CV-80-MPM-RP

HOCH ASSOCIATES, P.C.,                                              DEFENDANT AND
                                                                THIRD PARTY DEFENDANT

V.

NANGIA ENGINEERING OF TEXAS, LTD.                         THIRD PARTY DEFENDANT

**ORDER**

At the final pretrial conference in this matter, Hoch Associates, P.C. ("Hoch") sought to include in the "facts established by the pleadings, by stipulation, or by admission" section of the pretrial order certain proposed facts that Hoch contends constitute judicial admissions of W.G. Yates & Sons Construction Company ("Yates") by virtue of having been asserted in Yates' current pleadings in this cause or in the current pleadings of Prestress Services Industries of TN, LLC ("PSI"), which has assigned to Yates its claims against Hoch. Hoch reasoned that unless these purported judicial admissions are included in the pretrial order, Hoch will be unable to rely on them at trial, as the pretrial order will amend and supersede all previous pleadings. The undersigned agreed with Hoch's reasoning and instructed the parties to submit briefing on Hoch's proposed facts established by judicial admission. This matter is now before the court on Hoch's Motion to Recognize Facts Established by the Pleadings as Judicial Admissions. Docket 216.

Citing well-established case law that factual statements in pleadings constitute binding judicial admissions of the party that made them, Hoch argues that Yates is bound by the factual assertions it made in its current pleadings, specifically its Amended Answer and Affirmative

Defenses to Amended Complaint and Amended Counterclaims and Cross Claims (Docket 42). Additionally, citing the legal principle that Yates as the assignee of PSI's claims stands in the shoes of PSI with respect to its claims, Hoch argues that Yates is likewise bound by the factual assertions made by PSI in its current pleadings, specifically PSI's Amended Complaint for Compensatory and Declaratory Relief (Docket 28) and PSI's Answer to Amended Counterclaim of Defendant W.G. Yates & Sons Construction Company (Docket 58).

Yates opposes Hoch's motion but cites no case law or other legal authority in its response. Docket 219. Yates argues that Hoch's proposed judicial admissions that are based on Yates' own pleadings are misleading because they focus on Yates' allegations as to the wrongdoing of AECOM Design (with whom Yates has settled), are taken out of context and do not include Yates' allegations as to Hoch's wrongdoing. With respect to Hoch's proposed judicial admissions that are based on PSI's pleadings, Yates argues it is not bound by those factual assertions because Yates denied some of them in its own responsive pleading (before Yates' acquired PSI's claims by assignment) and they do not accurately reflect Yates' own factual contentions. The court finds Hoch's motion should be granted in part and denied in part.

Hoch's undisputed recitation of Fifth Circuit case law regarding judicial admissions is accurate. The Fifth Circuit "has long noted that factual statements in the pleadings constitute binding judicial admissions." *McCreary v. Richardson*, 738 F.3d 651, 659 n.5 (5th Cir. 2013). "[F]actual assertions in pleadings are . . . judicial admissions *conclusively* binding on the party that made them." *Davis v. A.G. Edwards and Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987) (quoting *White v. ARCO/Polymers*, 720 F.2d 1391, 1396 (5th Cir. 1983)) (emphasis added in *Davis*). This is the case irrespective of evidence to the contrary, as "[f]acts that are admitted in

the pleadings 'are no longer at issue.'" *Davis*, 823 F.3d at 108 (quoting *Ferguson v. Neighborhood Housing Services, Inc.*, 780 F.2d 549, 551 (6th Cir. 1986)).

A judicial admission need not be introduced in evidence at trial in order to be binding against the party that made it. *Mack v. Newton*, 737 F.2d 1343, 1365 (5th Cir. 1984) (holding fact established in defendant's current pleading did not have to be put in evidence in order to be considered against defendant). "Pleadings are for the purpose of accurately stating the pleader's version of the case, and they bind unless withdrawn or altered by amendment." *Sinclair Refining Co. v. Tompkins*, 117 F.2d 596, 598 (5th Cir. 1941). As the Fifth Circuit noted in *Pullman Co. v. Bullard*, "The conclusiveness of an unstricken admission is illustrated in *Jones v. Morehead*, 1 Wall. 155, 17 L.Ed. 662, where the admission was enforced though the evidence showed it untrue, and in *Northern Pacific Railroad v. Paine*, 199 U.S. 561, 7 S.Ct. 323, 30 L.Ed. 513, where the only evidence of plaintiff's title was an admission in a plea which was not a good one, but was not stricken." 44 F.2d 347, 349 (5th Cir. 1930).

Based on the clear state of the law in these regards, the court concludes that Hoch's proposed judicial admissions that are accurately based on factual assertions made by Yates in its own current pleadings do indeed constitute judicial admissions that are conclusively binding on Yates, irrespective of any evidence to the contrary. Yates' complaint that Hoch has selected Yates' factual assertions focusing on the wrongdoing of AECOM Design and has not included Yates' assertions as to Hoch's wrongdoing is unavailing, for it is Hoch's right – not Yates' – to select those current pleaded factual assertions of Yates that Hoch may rely on at trial as judicial admissions. "The statements of fact in a party's pleadings are merely his contentions and are not evidence for himself unless admitted by his opponent, but the opponent may rely on them as conclusive admissions so long as they are not altered or withdrawn by amendment." *Pullman*

*Co.*, 44 F.2d at 348. The court will consider each of Hoch's proposed judicial admissions that are based on Yates' own pleadings in turn below.[1]

1. The Project critical path was delayed by removal and remediation of the P-4 topping slab caused by AECOM's minimum clearance design bust.

   This statement accurately reflects Yates' admission in paragraph 69 of its Amended Answer and Affirmative Defenses to Amended Complaint and Amended Counterclaims and Cross Claims ("Docket 42"), and it constitutes a binding judicial admission.

2. The critical path of the Parking Garage Project was delayed by the problems resulting from the Minimum Clearance Design Bust which was caused by AECOM's design of a 10'-0" floor-to-floor height without consideration of dimensions of other elements which could not be installed, especially in accordance with standard and permitted construction tolerances, and still maintain the finished parking level to parking level clear height of 7'-0".

   This statement accurately reflects Yates' admission in paragraph 72 of Docket 42, and it constitutes a binding judicial admission.

3. AECOM was obligated to prepare plans, specifications, contract documents, and other design information that complied with applicable law (including building codes), that complied with applicable standards of care of professional engineers in the community, and that were accurate, complete, and buildable. Yates, PSI, and Hoch were intended beneficiaries of these obligations of AECOM.

   This statement accurately reflects Yates' admission in paragraph 121 of Docket 42, and it constitutes a binding judicial admission.

4. AECOM materially breached its obligations to Yates and to Hoch as third-party beneficiaries to the Foundation-AECOM contract.

   This statement accurately reflects Yates' averment in paragraph 122 of Docket 42, and it constitutes a binding judicial admission.

---

[1] Hoch did not number its proposed judicial admissions. The court will do so for clarity of reference herein.

5. AECOM provided the overall dimensions of the Parking Garage, specifically including a ten foot (10') floor-to-floor clearance (i.e., top of concrete slab of floor below to bottom of concrete slab above).

   This statement accurately reflects Yates' averment in paragraph 258 of Docket 42, and it

constitutes a binding judicial admission.

6. AECOM well knew there were other installations integral to the Parking Garage design that had to be installed within this ten foot floor-to-floor clearance, mainly including double tee beams, precast caps, precast spandrels, steel railings and a concrete topping slab with required slope dimensions and rebar of specified size, configuration, and concrete cover.

   This statement accurately reflects Yates' averment in paragraph 259 of Docket 42, and it

constitutes a binding judicial admission.

7. PSI-TN, through its subcontractor, Hoch, provided the design for these intermediate concrete members and installations between floor slabs.

   This statement accurately reflects Yates' averment in paragraph 260 of Docket 42, and it

constitutes a binding judicial admission.

8. Yates' engineering consultant ultimately realized that AECOM's ten foot floor-to-floor design height did not allow enough space for constructing other features in accordance with the prescribed dimensions and allowable tolerances, permitted by AECOM's specifications, and still maintain the seven foot minimum IBC code clearance requirement.

   This statement accurately reflects Yates' averment in paragraph 262 of Docket 42, and it

constitutes a binding judicial admission.

9. AECOM's 10'-0" floor-to-height made it infeasible to construct the Parking Garage and maintain a 7'0" minimum clearance since there was no allowance at all for production and construction tolerances which were permitted by AECOM's own specifications.

   This statement accurately reflects Yates' averment in paragraph 263 of Docket 42, and it

constitutes a binding judicial admission.

10. Yates further incurred delays to the Project critical path schedule of approximately 68 days for replacing of the topping slabs, 12 days for the P3-P4-P5 pile caps, and 62 days for P4 remedial work.

This statement accurately reflects an averment Yates' makes in paragraph 274 of Docket 42, and it constitutes a binding judicial admission.

11. AECOM was responsible for overall Project design and for coordinating design documents, including work of engineers of design parties, like Hoch, to ensure that the Parking Garage design was adequate and met applicable codes.

This statement accurately reflects Yates' averment in paragraph 278 of Docket 42, and it constitutes a binding judicial admission.

12. AECOM is primarily responsible for the Minimum Design Clearance Bust.

This statement accurately reflects an averment Yates' makes in paragraph 376 of Docket 42, and it constitutes a binding judicial admission. While it is true, as Yates points out in its response, that this statement does not include Yates' assertion of Hoch's negligence that is also contained in that paragraph, understandably Hoch does not wish to rely on that assertion as a binding judicial admission, and Yates must present evidence to support it. Regardless of the impression Yates contends Hoch is trying to create, Hoch is relying on Yates' own words as Hoch is entitled to do.

13. The Minimum Clearance Design Bust was caused by AECOM's design.

This statement, while not a verbatim recitation, fairly and accurately reflects an averment Yates' makes within its admission in paragraph 72 of Docket 42, and it constitutes a binding judicial admission.

14. AECOM was primarily liable for the Minimum Clearance Design Bust because AECOM established the ten foot (10'0") floor to floor height which did not leave enough room for the other precast members and topping slab to be installed in accordance with the Contract documents, including allowable tolerance for the production and placement of precast members and of cast-in-place topping slabs,

and achieve a final product that met the requirement of the International Building Code (IBC-2012) for a minimum seven foot (7'0") clear height for the levels of the parking garage.

This statement accurately reflects Yates' averment in paragraph 367 of Docket 42, and it constitutes a binding judicial admission.

15. AECOM is partly at fault for not specifying seismic code requirement in AECOM's design and for not ensuring that Hoch's design complied with the applicable seismic code.

This statement accurately reflects an averment Yates' makes in paragraph 381 of Docket 42, and it constitutes a binding judicial admission. Again, Yates' complaint that the referenced paragraph also contains an assertion as to Hoch's liability is unavailing, as Hoch does not wish to rely on that assertion, and Yates must present evidence to support it. Also unavailing is Yates' contention that because Hoch has admitted liability for the seismic code violation, the issue of fault for the seismic code violation is no longer at issue, for it does not appear to the court that Hoch has admitted *sole* liability for the seismic code violation. To the contrary, by requesting the insertion of this and other judicial admissions in the pretrial order, Hoch has broadcasted its intention to assign some of the fault to AECOM using Yates' own factual assertion.

16. AECOM was substantially liable for the failure of PSI-TN, through Hoch, to meet the seismic code because: AECOM had overall and delegable responsibility for the entire Project design; AECOM had the duty to verify the Project design complied with the applicable building code requirements including the seismic code; AECOM had the responsibility to ensure that all design elements of the Parking Garage specifically including those designed by engineers of other parties, like Hoch as PSI's engineer, were coordinated with each other and were constructible with customary means and methods; and AECOM had the opportunity to review Hoch's design submitted PSI-TN for code compliance.

This statement accurately reflects Yates' averment in paragraph 369 of Docket 42, and it constitutes a binding judicial admission.

17. AECOM has issued a certificate to establish a Substantial Completion Date of June 10, 2015.

This statement accurately reflects Yates' averment in paragraph 339 of Docket 42, and it constitutes a binding judicial admission. As discussed above, Yates' complaint that Hoch has not included another of Yates' factual assertions is unavailing.

18. Hoch is liable for Yates' costs to correct deficiencies in Hoch's design of the lower level corbels in the approximate principal amount of $25,000.

This statement accurately reflects Yates' averment in paragraph 383 of Docket 42, and it constitutes a binding judicial admission.

Based on the above findings, the court concludes that all of Hoch's proposed judicial admissions that are based on Yates' own pleadings indeed constitute judicial admissions that are conclusively binding on Yates, and they will be inserted in the appropriate section of the pretrial order. Hoch's proposed judicial admissions that are based on PSI's pleadings, however, are more problematic.

It is certainly true that "the common law speaks in a loud and consistent voice: *An assignee stands in the shoes of his assignor*." *F.D.I.C. v. Bledsoe*, 989 F.2d 805, 810 (5th Cir. 1993) (emphasis in original). However, in considering whether factual assertions contained in PSI's current pleadings are conclusively binding on Yates as PSI's assignee, the court is given pause by the fact that Yates itself -- PSI's opponent at the time the assertions were made -- denied some of those very assertions in its own responsive pleading. In these exceedingly rare and awkward circumstances, the court is reluctant to conclude that Yates' acquisition of PSI's claims against Hoch and Nangia effected a conclusive admission of PSI's factual assertions that Yates' own pleadings deny. The court has no problem finding that PSI's factual assertions that Yates has admitted constitute judicial admissions that are conclusively binding on Yates, both in

its own right and as PSI's assignee, but the court will decline to make the same finding with respect to PSI's factual assertions that Yates has denied.

The court believes the more prudent ruling with respect to such assertions is that, although they do not constitute judicial admissions that need not be put in evidence in order to be considered against Yates, they constitute admissions of a party opponent – Yates as PSI's assignee – and Hoch may use them in evidence as such in the event Yates proceeds to trial on any claim as PSI's assignee. Other courts have consistently held that an assignor's pre-assignment declarations and admissions are admissible against his assignee. *See, e.g., McMullin v. Borgers*, 806 S.W.2d 724, 732 (Mo.Ct.App. 1991); *Household Finance Corp. v. Mowdy,* 300 N.E.2d 863, 867 (Ill.App.Ct. 1973); *Johnson v. Riecken,* 173 N.W.2d 511, 516 (Neb.1970). Hoch may so use such admissions notwithstanding the amendment of the pleadings to conform to the pretrial order. *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983) (holding despite party's admissions no longer being considered conclusive they still operate as evidentiary admissions); *Borel v. U.S. Cas. Co.,* 233 F.2d 385, 387-88 (5th Cir. 1956) (holding although superseded pleading is not conclusive admission of statements made therein, that part of pleading making admission may still be offered in evidence and be considered by jury along with all other evidence).

The court will consider each of Hoch's proposed judicial admissions that are based on PSI's pleadings in turn below.[2]

19. Yates was responsible for reviewing the design documents that AECOM prepared and identifying any problems with those documents.

This statement is based on PSI's averment in paragraph 40 of its Amended Complaint for

---
[2] For clarity of reference herein the court will use numbers successive to those used for Hoch's proposed judicial admissions based on Yates' own pleadings above.

Compensatory and Declaratory Relief ("Docket 28"). In its answer in paragraph 40 of Docket 42, Yates does not admit PSI's allegation and instead admits it had responsibilities with respect to AECOM's design documents only as set forth in Yates' Prime Contract with the Foundation. The court does not construe this as an admission of PSI's allegation, and the statement proposed by Hoch does not constitute a judicial admission. However, Hoch may use the referenced pleading in evidence as an admission of Yates as PSI's assignee in the event Yates' proceeds to trial on PSI's claims.

20. Prior to Yates' work on the topping slab, PSI provided Yates with design information regarding the required clearance between the levels of the parking garage. Specifically and among others, on July 31, 2014, PSI informed Yates that the height between the topping slab and the precast members on the floor above should be 7'-0" for the topping slab to bottom of inverted tee beam (at P2 & P3) lines.

This statement is based on PSI's averment in paragraph 66 of Docket 28, which averment Yates' denies in paragraph 66 of Docket 42. It does not constitute a judicial admission, but Hoch may use the referenced pleading in evidence as an admission of Yates as PSI's assignee in the event Yates proceeds to trial on PSI's claims.

21. Yates failed to cast the topping slab to maintain the required clearance.

This statement is based on PSI's averment in paragraph 67 of Docket 28, which averment Yates' denies in paragraph 67 of Docket 42. It does not constitute a judicial admission, but Hoch may the referenced pleading in evidence as an admission of Yates as PSI's assignee in the event Yates proceeds to trial on PSI's claims.

22. As a result of Yates' improper casting of the topping slab, Yates was required to perform remedial work on the topping slab, more specifically the removal of it and remedial work to it.

This statement is based on PSI's averment in paragraph 68 of Docket 28, and Yates' lengthy answer in paragraph 68 of Docket 42 essentially amounts to a denial of the allegation. It

does not constitute a judicial admission, but Hoch may use the referenced pleading in evidence as an admission of Yates as PSI's assignee in the event Yates proceeds to trial on PSI's claims.

23. The critical path of the Project was delayed for the period of time from Yates' initial demolition of the topping slab it improperly placed through the date on which Yates completed the remedial work required by the Foundation's engineer.

This statement is based on PSI's averment in paragraph 72 of Docket 28, and Yates' answer in paragraph 72 of Docket 42 essentially amounts to a denial of the allegation. It does not constitute a judicial admission, but Hoch may use the referenced pleading in evidence as an admission of Yates as PSI's assignee in the event Yates proceeds to trial on PSI's claims.

24. PSI was not responsible for any of the costs or delays associated with the demolition of the topping slab or the subsequent remedial work.

This statement is based on PSI's averment in paragraph 73 of Docket 28, which averment Yates' denies in paragraph 73 of Docket 42. It does not constitute a judicial admission, but Hoch may use the referenced pleading in evidence as an admission of Yates as PSI's assignee in the event Yates proceeds to trial on PSI's claims.

25. Yates breached the duty of care by negligently managing the Project and the schedule and negligently performing work on the Project, including but not limited to casting the topping slab and the remedial work at the topping slab.

This statement is based on PSI's averment in paragraph 130 of Docket 28, which averment Yates' denies in paragraph 130 of Docket 42. It does not constitute a judicial admission, but Hoch may use the referenced pleading in evidence as an admission of Yates as PSI's assignee in the event Yates proceeds to trial on PSI's claims.

26. By preparing the plans, specifications, and other contract documents for the Project and allowing the Foundation to publish them, AECOM represented that the plans, specifications, and other contract documents were accurate, complete, and buildable and that AECOM prepared the plans, specifications, and other contract documents in accordance with the engineering standards prevailing in the community.

While not a verbatim recitation, this statement fairly and accurately reflects the substance of PSI's averments in paragraphs 116 and 117 of Docket 28.  In its answer in paragraphs 116 and 117 of Docket 42, and while making additional averments regarding matters not addressed in PSI's averments, Yates essentially admits PSI's averments, and as such this statement constitutes a binding judicial admission.  Yates' complaint that the statement is misleading because Hoch designed and engineered the precast components is unavailing, as that fact is not addressed in the subject averments that Yates admits.

27. AECOM knew that the contractors, subcontractors, and material suppliers that bid on, and eventually constructed, the Project would rely upon the accuracy of the plans, specifications, and other contract documents that AECOM prepared and the Foundation published.

This statement is based on PSI's averment in paragraph 118 of Docket 28, to which averment Yates answers in paragraph 118 of Docket 42, "Admitted that AECOM is charged with such knowledge," which essentially is an admission.  This statement constitutes a binding judicial admission.

28. The plans, specifications, and other contract documents that AECOM prepared were not buildable, accurate, and complete.

This statement is based on PSI's averment in paragraph 120 of Docket 28, which averment Yates' admits in paragraph 120 of Docket 42, and as such it constitutes a binding judicial admission.

29. By failing to provide a buildable, accurate, and complete design, AECOM materially breached its contract on the Project.

This statement fairly and accurately reflects an averment PSI makes in paragraph 122 of Docket 28, which averment Yates admits in paragraph 122 of Docket 42, and as such it constitutes a binding judicial admission.

30. Yates failed to mitigate its damages, if any.

This statement is based on an affirmative defense that PSI states in its Answer to Amended Counterclaim of Defendant W.G. Yates & Sons Construction Company ("Docket 58"). No responsive pleading by Yates is required, and therefore the allegation is considered denied. FED.R.CIV.P. 8(a)(6). Additionally, the court considers this statement to be more of a legal conclusion than a factual assertion. For these reasons, the statement does not constitute a judicial admission nor may Hoch use it in evidence as an admission of Yates as PSI's assignee.

31. Yates' claims for delay damages are barred by the existence of concurrent delays.

This statement is based on an affirmative defense that PSI states in Docket 58. No responsive pleading by Yates being required, the allegation is considered denied, and the court also considers this statement to be more of a legal conclusion than a factual assertion. For these reasons, the statement does not constitute a judicial admission nor may Hoch use it in evidence as an admission of Yates as PSI's assignee.

Based on the above findings, the court concludes that Hoch's proposed judicial admissions that are based on PSI's pleaded factual assertions that Yates has admitted constitute judicial admissions that are conclusively binding on Yates, and they will be inserted in the appropriate section of the pretrial order. PSI's pleaded factual assertions that Yates has denied do not constitute judicial admissions, but Hoch may use the referenced pleadings in evidence as admissions of Yates as PSI's assignee in the event Yates proceeds to trial on PSI's claims. PSI's pleaded affirmative defenses do not constitute judicial admissions nor may they be used by Hoch in evidence.

THEREFORE, IT IS ORDERED, that Hoch's Motion to Recognize Facts Established by the Pleadings as Judicial Admissions is GRANTED IN PART and DENIED IN PART as follows:

Hoch's proposed facts established by the pleadings that the court has found herein above to constitute judicial admissions will be inserted in the appropriate section of the pretrial order as facts established by the pleadings. Hoch's motion will be stricken as a pending motion in the pretrial order. Additionally, in the event Yates proceeds to trial on PSI's claims, Hoch may use PSI's pleaded factual assertions in Docket 28 as admissions of Yates as PSI's assignee. This will be noted in the pretrial order with respect to Hoch's trial exhibit D-H-33.

SO ORDERED, this the 5th day of January, 2018.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE