# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**PRESTRESS SERVICES INDUSTRIES OF TN, LLC**   **PLAINTIFF**

V.   **CIVIL ACTION NO. 3:15-CV-080-MPM-RDP**

**W. G. YATES & SONS CONSTRUCTION
COMPANY; OLE MISS ATHLETICS FOUNDATION;
AECOM DESIGN, A PROFESSIONAL CORPORATION;
AND HOCH ASSOCIATES P.C.**   **DEFENDANTS**

**HOCH ASSOCIATES P.C.**   **THIRD PARTY PLAINTIFF**

V.

**NANGIA ENGINEERING OF TEXAS, LTD.**   **THIRD PARTY DEFENDANT**

## ORDER

Yates has filed a document which it characterizes as an "objection" [227-1] to Magistrate Judge Percy's ruling [223-1] on Hoch's Motion to Recognize Facts Established by the Pleadings as Judicial Admissions. Unfortunately, Yates' filing makes entirely new arguments from those which were presented to Judge Percy. For example, Yates' appeal is replete with authority, but it did not cite a single case in its prior briefing before Judge Percy. Moreover, while the overwhelming emphasis of Yates' appeal is that Judge Percy improperly treated legal conclusions as judicial admissions, there is scant mention of this issue in the original briefing. There was, arguably, some mention of this issue in *portions* of the earlier briefing submitted by

1

Yates,[1] but nothing close to the extent to which it is asserted in the appeal.

Yates now cites *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 24 (4th Cir. 1963) and *Grandoe Corp. v. Gander Mountain Co.*, 761 F.3d 876, 885 (8th Cir. 2014) for the proposition that "legal conclusions are not subject to the doctrine of judicial admissions, which applies only to matters of fact." Once again, however, it did not cite these or any other cases before Judge Percy. One treatise notes that:

> A party's failure to present timely *arguments*, *case law*, or evidentiary materials to a magistrate judge prior to the magistrate's ruling, thereby depriving the magistrate of the opportunity to rectify any alleged errors, waives that party's right to present those arguments or materials to the district court on appeal from the magistrate's nondispositive order.

14 Moore's Federal Practice § 72.11[1][a], at 72-51 (3d ed. 2010)(emphasis added); *see also CEF Funding, L.L.C. v. Sher Garner Cahill Richter Klein & Hilbert, L.L.C.*, 2011 WL 13202950, at *1 (E.D. La. Feb. 1, 2011), *In re Toys R Us-Delaware, Inc. Fair and Accurate Credit Transactions Act (FACTA) Litig.*, 2010 WL 4942645 *3 n.1 (C.D. Cal. July 29, 2010); *Grand River Enters. Six Nations, Ltd. v. King*, 2009 WL 1360686 *3 (S.D. N.Y. May 15, 2009).

Without question, Yates has failed to comply with this rule in its briefing on this issue. This is a case which already has an abundance of outstanding issues yet to be resolved, due partly to the fact that both sides seem to have placed greater emphasis on settlement negotiations than in drafting their pleadings and preparing this case for trial. This court relies upon its Magistrate Judges to assist in streamlining the issues for its consideration at trial, but they, like any other

---

[1] For example, its briefing relating to Admission No. 13, Yates argued before Judge Percy that the admission in question "was a legal proposition asserted by PSI as an affirmative defense without any admission by Yates." Yates did not elaborate on this argument, however, nor did it support it with any authority.

judges, are only able to make their rulings based upon the arguments and authorities presented to them.

This court notes parenthetically that, even considering the new arguments and authorities presented by Yates in its appeal, the vast majority of Judge Percy's rulings appear to still be sound. Indeed, while Yates now appears to regret some of the allegations it made in its original complaint, which often portrayed AECOM as the principal "villain," it should not be permitted to obtain a large recovery from that (former) defendant and then conveniently disavow its earlier allegations. At the same time, this court recognizes the potential force of placing some of these allegations before the jury, and it does have some concerns about providing a proper context for them. This court also recognizes that there are valid concerns about whether at least some of the allegations come too close to being legal conclusions regarding the ultimate legal issues in this case. At the same time, this appeal is not the procedurally proper context in which to discuss these issues, since the filing itself is procedurally improper.

In light of the foregoing, this court will simply deny the appeal as procedurally improper and reserve consideration until trial of whether the overriding objective of ensuring a fair trial should allow Yates the opportunity of presenting arguments and authorities which it should have originally made to Judge Percy. This court is disinclined to allow Yates to re-argue all, or even most, of these issues at trial, since there must be consequences for failing to raise arguments at the proper time and place. At the same time, this court is inclined to allow Yates to selectively re-argue certain allegations which have a potential to confuse or improperly influence the jury. This court directs that Hoch consult with Yates before trial to ascertain in good faith to what extent the parties themselves may resolve some of these issues without the need of a ruling from

3

this court.

It is therefore ordered that Yates' appeal [227-1] of the Magistrate Judge's order is denied.

SO ORDERED, this the 23rd day of January, 2018.

                                              /s/ Michael P. Mills
                                              UNITED STATES DISTRICT COURT
                                              NORTHERN DISTRICT OF MISSISSIPPI